IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Pamela Lynn Mitchell,

      Plaintiff,

    v.                         Case No. 2:19-cv-4973

Commissioner of
Social Security,

      Defendant.

OPINION AND ORDER

Plaintiff, Pamela Lynn Mitchell, brings this action under 42 U.S.C. §405(g) for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income.  In a decision dated August 1, 2018, the administrative law judge ("ALJ") found that plaintiff had severe impairments consisting of right knee degenerative joint disease, history of coronary artery disease, and depressive, intellectual, anxiety and neurodevelopmental disorders.  PAGEID 59. Only the plaintiff's mental capacity is at issue in this case.  The ALJ found that plaintiff's residual functional capacity ("RFC") would permit her to perform medium work with physical limitations. PAGEID 68-69.  The RFC further provides:

> Mentally, the claimant retains the capacity to perform simple routine tasks with few detailed instructions and where changes are introduced slowly and well explained. She is limited to understanding simple oral instructions, and all instructions must be given orally.  She is limited to work with no more than occasional changes in work setting and decision making required.  She is limited to goal based work measured by end result, with no production rate pace work, high or strict production quotas, and piece rate work.

PAGEID 69.  Relying on the testimony of a vocational expert ("VE"),

the ALJ decided that there were jobs which plaintiff could perform and that plaintiff was not disabled.   PAGEID 77-78.

This matter is before the court for consideration of plaintiff's July 13, 2020, objections to the June 29, 2020, report and recommendation of the magistrate judge recommending that the decision of the Commissioner be affirmed.

I. Standard of Review

If a party objects within the allotted time to a report and recommendation, the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."    28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b).   Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."   28 U.S.C. § 636(b)(1).

The court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'"  *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also*, 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive.").   Put another way, a decision supported by substantial evidence is not subject to reversal, even if the reviewing court might arrive at a different conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).   Even if supported by substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own

2

regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

II. Objections

A. Failure to Give Weight to the Testimony of VE George Coleman

At a hearing held on July 5, 2018, the ALJ heard the testimony of Connie O'Brien, a VE who identified jobs in the national economy which plaintiff could perform. Plaintiff's counsel asked Ms. O'Brien whether the person described in the ALJ's hypothetical would be employable if that person had an IQ of 59.[1] Ms. O'Brien responded that she was not qualified to interpret IQ scores. PAGEID 116. At a second hearing held on October 6, 2018, George W. Coleman, III, testified as a VE. When asked by plaintiff's counsel whether the hypothetical person described by the ALJ would be employable if that person had an IQ in the upper 60's, Mr. Coleman responded that "[i]n my experience, ... there's going to have to be some kind of accommodation in competitive type work." PAGEID 146.

Plaintiff argues that it was error for the ALJ to credit the testimony of Ms. O'Brien while giving no weight to the testimony of Mr. Coleman. Plaintiff contends that based on his qualifications and experience as a vocational counselor, Mr. Coleman was qualified to testify concerning whether plaintiff's IQ scores would require an accommodation for employment, and that the ALJ's explanation for not crediting his testimony was inadequate.

---

[1]The ALJ cited exhibits indicating that plaintiff's childhood IQ score was 76, and her adult IQ score in 2012 was 59. PAGEID 59.

The ALJ is the trier of fact in social security proceedings. *Brown v. Comm'r of Soc. Sec.*, 1 F. App'x 445, 452 (6th Cir. 2001). The credibility of a VE's testimony is within the province of the ALJ to determine. *Barker v. Shalala*, 40 F.3d 789, 795 (6th Cir. 1994). This court is unaware of any authority which would require the ALJ to give good reasons for discounting the testimony of a VE. *See King v. Barnhart*, 66 F. App'x 65, 70 (7th Cir. 2003)(ALJ was not bound to give reasons for rejecting the VE's opinion); *Kolka v. Chater*, 70 F.3d 1279 (table), 1995 WL 713218, at *2 (9th Cir. Dec. 4, 1995)(noting that the requirement for giving clear and convincing reasons was not applicable to a VE, who was not a treating physician). In any event, the ALJ provided reasons for the weight she assigned to the VE opinions.

The ALJ credited the testimony of Ms. O'Brien, which identified unskilled, medium jobs existing in the national economy which plaintiff could perform. PAGEID 77. The ALJ concluded that Ms. O'Brien's testimony was "based on the greatest longitudinal perspective of the claimant's vocational history and consistent with the totality of the evidence and the *DOT* [Dictionary of Occupational Titles][.] PAGEID 77. The ALJ noted that Ms. O'Brien was "highly qualified by training and experience in formulating an opinion as to whether the claimant could perform other work existing in the national economy based upon her exertional, environmental, postural, and mental limitations as of the application date." PAGEID 78 She determined that Ms. O'Brien's opinions were entitled to significant weight. PAGEID 78. The ALJ further concluded that Mr. Coleman's opinion was entitled to no weight because the regulations, the DOT and the Selected

4

Characteristics of Occupations manual "do not provide that IQ scores comparable to or the same as the claimant's automatically result in any specific functional limitations and restrictions, including to accommodated rather than competitive work[.]"  This explanation was adequate.  *See Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 158 (6th Cir. 2009)(ALJ was not required to accept testimony of plaintiff's VE over that of the VE who based his opinion on the contents of the DOT).

The court further notes that the role of the VE is to testify whether the claimant can make an adjustment to other work based on the claimant's residual functional capacity, age, experience, and education.  *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004).  The VE's testimony is directed solely to whether there exist a significant number of employment opportunities in the regional and national economies given a claimant's age, experience, and education, along with the ALJ's assessment of the claimant's RFC.  *Id.*  "The vocational expert is not expected to evaluate the claimant's medical conditions in making this determination. Indeed, vocational experts are not required to have any medical training, so any evaluation of medical evidence they perform would be outside their area of expertise."  *Id.*

The procedural rules applicable to social security proceedings also support the ALJ's decision not to credit Mr. Coleman's testimony.  The Hearings, Appeals and Litigation Law Manual ("HALLEX"),[2] a procedural guide for processing and adjudicating social security claims, states that the "ALJ may not ask a VE to provide testimony on psychological (i.e., medical) matters even if

---

[2]See https://www.ssa.gov/OP_Home/hallex/hallex.html.

the VE is a certified mental health professional."  HALLEX §I-2-5-48.  The manual further provides that the "ALJ will not permit the VE to respond to questions on medical matters or to draw conclusions not within the VE's area of expertise."  HALLEX §I-2-6-74(C).  The Vocational Expert Handbook, also found on the Social Security Administration's website, states that a VE "should never comment on medical matters, such as what you believe the medical evidence indicates about the claimant's diagnosis or the functional limitations caused by the claimant's impairment(s)[.]"  Although HALLEX is not binding on the court, the court can still consider the procedural guidance it provides.  *See Bowie v. Comm'r of Soc. Sec.*, 539 F.3d 395, 399 (6th Cir. 2008).  Here, Mr. Coleman's bare bones discussion of the impact of plaintiff's IQ scores, phrased by counsel as being "within the upper 60s", PAGEID 146, on plaintiff's employability in a competitive work setting constituted a comment on medical evidence which invaded the province of the ALJ to determine plaintiff's RFC.  The ALJ did not err in failing to credit the testimony of Mr. Coleman.

B. Error in Formulating Plaintiff's RFC

Plaintiff's records were reviewed by Karen Steiger, Ph.D., and Janet Souder, Psy.D., state agency psychologists.  Both of these experts opined that plaintiff was able to follow one-step directions but was unable to multitask.  PAGEID 157, 174.  The ALJ gave partial weight to their RFC assessments of plaintiff's mental functional limitations and restrictions. PAGEID 73-74.  Plaintiff argues that it was error for the ALJ to fail to incorporate the limitation of one-step directions in the RFC.

A claimant's RFC is the most that a claimant can do despite

his or her limitations. 20 U.S.C. §404.1545(a)(1). The ALJ, not a medical expert, ultimately determines the claimant's RFC. *Coldiron v. Comm'r of Soc. Sec.*, 391 F.App'x 435, 439 (6th Cir. 2010); 20 C.F.R. §§404.1527(e)(2) and 404.1546(c). An ALJ's decision to give weight to medical opinion evidence does not require the ALJ to incorporate every restriction proposed by the medical source. *Salisbury v. Comm'r of Soc. Sec.*, No. 5:11-CV-2277, 2013 WL 427733, *7 (N.D. Ohio Feb. 1, 2013). "Even where an ALJ provides 'great weight' to an opinion, there is no requirement that an ALJ adopt a state agency psychologist's opinions verbatim; nor is the ALJ required to adopt the state agency psychologist's limitations wholesale." *Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015). There is no legal requirement for an ALJ to explain why a limitation or restriction is not adopted, even when the ALJ gives the opinion significant weight. *Price v. Comm'r of Soc. Sec.*, 2:18-cv-128, 2019 WL 396415, at *2 (S.D.Ohio Jan. 31, 2019).

The ALJ was not obligated to give "good reasons" for the weight assigned to the opinions of the state agency psychologists. *Ealy*, 594 F.3d at 514; *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007). However, the ALJ discussed the weight given to the opinions of the state agency psychologists at length at both step three and step four of the analysis. The ALJ also adequately explained why she did not incorporate the proposed limitation concerning one-step directions in the RFC. The ALJ noted:

> Although restatements were made into more vocationally relevant terms, the opinions of the BDD reviewing psychologists are entitled to partial weight in assessing the claimant's mental functional limitations and restrictions as of the application date.... The

> claimant's limitations to performing simple routine tasks
> with no more than occasional changes in work setting and
> decision making required, and few detailed instructions
> where changes are introduced slowly and well explained,
> accommodate the BDD assessments that she is limited to
> performing simple routine one- and two-step directions
> with occasional changes fully explained and is incapable
> of multitasking.

PAGEID 73.

The ALJ then discussed record evidence that: plaintiff's psychological counseling was effective in ameliorating her mental conditions; her noncompliance with treatment; her education, childhood IQ scores, and enrollment in online college classes; her admitted ability to follow one-step and written instructions; and activities involving significant understanding, remembering, or applying information.  PAGEID 73.[3]  The ALJ concluded:

> This evidence does not reasonably justify greater
> reduction of the claimant's mental residual functional
> capacity, and could support a determination that she is
> less mentally limited than set forth above as of the
> application date.  However, in extending the benefit of
> the doubt and in light of the claimant's adult IQ scores,
> it is determined that she is limited to only simple oral
> instructions in the workplace.

PAGEID 73.

As the magistrate judge correctly noted, the ALJ did not reject the limitations posed by the state agency psychologists because they were not stated in vocationally relevant terms.

---

[3]The ALJ observed elsewhere in the decision that plaintiff: graduated from high school; reads, writes, speaks, and understands English; described herself as able to follow instructions and being eager to learn new skills; was seen on examination as being alert and oriented, with clear, coherent, intact, and normal attention span, and adequate memory; and demonstrated an ability to follow one-step directions.  PAGEID 62.

8

Rather, the ALJ adopted the opined limitations which were consistent with the record and rejected others, concluding that the record evidence did not justify a greater reduction of plaintiff's RFC.  The ALJ discussed the opinions of the state agency psychologists at length at steps three and four of the analysis, noting that their opinions were inconsistent with the totality of the evidence insofar as the evidence could support a determination that plaintiff has no or only mild limitations in understanding, remembering or applying information and in concentrating, persisting, or maintaining pace.  PAGEID 63, 68.  Nonetheless, in light of plaintiff's adult IQ scores, the ALJ extended plaintiff "the benefit of all reasonable doubt" and determined that plaintiff had moderate limitations in these areas.  PAGEID 63, 68.

Plaintiff notes that the ALJ erroneously referred to the state agency psychologists' assessment as limiting plaintiff to "one-and two-step" directions, when in fact those experts stated that she is able to follow one-step directions.  Plaintiff argues that this indicates that the ALJ was not familiar with the state agency opinions or misunderstood those opinions.  However, the reference to "one-and-two-step" directions, if error, was harmless.  The ALJ discussed the opinions of the state agency psychologists at length in her decision and was obviously familiar with them.  The ALJ referred several times in her decision to other evidence indicating that plaintiff could follow one-step directions.  However, as the magistrate judge correctly noted, the ALJ never determined that plaintiff was only capable of following one-step directions, nor does the language of the RFC limit plaintiff to one-to-two-step directions.  Instead, the REF, phrased in more vocationally

relevant terms, limits plaintiff to "simple routine tasks with few detailed instructions and where changes are introduced slowly and well explained" and "to understanding simple oral instructions, and all instructions must be given orally."  PAGEID 69.  The ALJ was not required to adopt an expert's proposed limitations verbatim into the RFC.  *Reeves*, 618 F. App'x at 275.

The court concludes that the RFC formulated by the ALJ is based on substantial evidence, and that remanding this case for additional clarification is not warranted.

III. Conclusion

In accordance with the foregoing, the court finds that no reversible error has been shown, and that the ALJ's finding of nondisability is supported by substantial evidence.  The court adopts and affirms the magistrate judge's report and recommendation (Doc. 13).  The Commissioner's decision is affirmed, and this action is dismissed.  The clerk shall enter final judgment affirming the decision of the Commissioner.


Date: November 3, 2020          _____s/James L. Graham_____
                                James L. Graham
                                United States District Judge

10